**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1955-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VICTOR REYES, a/k/a
VICTOR A. REYES,

     Defendant-Appellant.

_____

Submitted January 21, 2026 – Decided February 18, 2026

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 22-02-0180 and 22-05-0591 and Accusation No. 23-01-0043.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Wayne Mello, Hudson County Prosecutor, attorney for respondent (Colleen Kristan Signorelli, Assistant Prosecutor, and Melanie Zelikovsky, Law Clerk, on the brief).

PER CURIAM

Defendant Victor Reyes appeals from the January 9, 2025 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On February 9, 2022, a Hudson County grand jury indicted defendant, charging him with: (1) third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); (2) fourth-degree theft, N.J.S.A. 2C:20-3(a); (3) third-degree terroristic threats, N.J.S.A. 2C:12-3(a); (4) fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and (5) third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).

On May 10, 2022, a Hudson County grand jury indicted defendant, charging him with one count of third-degree terroristic threats, N.J.S.A. 2C:12-3(b).

On January 27, 2023, defendant was charged by way of an accusation with one count of third-degree burglary, N.J.S.A. 2C:18-2.

On January 27, 2023, defendant, who was represented by counsel, entered a negotiated guilty plea to: (1) one count of fourth-degree unlawful possession of a weapon on the February 9, 2022 indictment; (2) one count, as amended, of

A-1955-24

petty-disorderly-persons harassment on the May 10, 2022 indictment; and (3) one count of third-degree burglary on the January 27, 2023 accusation. In exchange, the State agreed to recommend 364 days in the county jail as a condition of probation, mental health counseling, and no victim contact. The State also agreed to dismiss the balance of the February 9, 2022 indictment, and two complaints issued against defendant.

At the January 27, 2023 plea hearing, defendant, while under oath, had the following exchange with the court after counsel placed the terms of the plea agreement on the record:

> [THE COURT]: Is this the resolution that you discussed with your attorney?
>
> [DEFENDANT]: Yes.
>
> [THE COURT]: Did he answer all of your questions?
>
> [DEFENDANT]: Yes.
>
> [THE COURT]: Do you have any questions whatsoever remaining for him?
>
> [DEFENDANT]: No.
>
> [THE COURT]: Are you satisfied with his services?
>
> [DEFENDANT]: Yes.
>
> . . . .

3

[THE COURT]: All right. And sir, you are a U.S. citizen, correct?

[DEFENDANT]: No, Your Honor.

[THE COURT]: Are there any immigration issues?

[DEFENSE COUNSEL]: [W]e've discussed it with . . . . [H]e has an immigration lawyer, Judge.

[THE COURT]: All right.

[THE COURT]: So you've discussed this with an immigration attorney, correct?

[DEFENDANT]: Yes.

[THE COURT]: And you understand – you don't want any more time to discuss it with an immigration attorney, correct?

[DEFENDANT]: No, Your Honor.

[THE COURT]: And you're aware of what the consequences may or may not be, concerning your plea of guilty, correct?

[DEFENDANT]: Yes.

[THE COURT]: And knowing all of that, and having consulted with the immigration attorney, you still wish to move forward, correct?

[DEFENDANT]: Yes, Your Honor.

[THE COURT]: And you understand that I . . . don't know what impact this may or may not have on your immigration status, correct?

4

A-1955-24

[DEFENDANT]: Correct.

In conjunction with his guilty plea, defendant signed a New Jersey Judiciary Plea form. On the form, defendant answered "[n]o" to the question "[a]re you a citizen of the United States?" The following questions and answers followed:

> b.    Do you understand that if you are not a citizen of the United States, this guilty plea may result in your removal from the United States and/or stop you from being able to legally enter or re-enter the United States?
>
> Yes.
>
> c.    Do you understand that you have the right to seek individualized advice from an attorney about the effect your guilty plea will have on your immigration status?
>
> Yes.
>
> d.    Have you discussed with an attorney the potential immigration consequences of your plea? . . . .
>
> Yes.
>
> e.    Would you like the opportunity to do so?
>
> No.
>
> f.    Having been advised of the possible immigration consequences and of your right to seek individualized legal advice on your immigration consequences, do you still wish to plead guilty?
>
> Yes.

A-1955-24

On May 4, 2023, the court sentenced defendant to time served and a three-year term of probation, concurrent on both indictments and the accusation. At the hearing, the assistant prosecutor stated, "the charges that [defendant] pled guilty to, it's all consistent [with] being a pattern of abuse towards women . . . in his life." The court dismissed the underlying complaints and the balance of both indictments at sentencing.

On February 24, 2024, defendant filed a self-represented petition seeking PCR, alleging he received ineffective assistance of counsel. He alleged:

> I told [my counsel] about my immigration status [and] that this deal might have [a] negative impact on my status as a green card holder. He said to me that I was going to be fine and to go in front of [the] Judge and say on the record I was advice (sic) by an immigration lawyer to take this deal. I never spoke to any other lawyer besides [my counsel] in this case. I was poorly represented . . . in this case and due to this matter I face serious consequences/deported/removal from the United States in the future.

In a later filed counseled brief, defendant alleged he was subject to deportation because his convictions were related to domestic violence. He argued his plea counsel did not "allow[]" him to seek advice from an immigration attorney, provided incorrect advice regarding the immigration consequences of his plea, and advised him to lie to the court at the plea hearing by saying he consulted with an immigration attorney. Defendant did not address

6

whether he was also advised to provide false answers on the plea form. He argued his guilty plea was not voluntary, knowing, and well informed, and should, therefore, be vacated.

On January 9, 2025, Judge Nesle A. Rodriguez issued an order denying defendant's petition without an evidentiary hearing. In a written decision accompanying the order, Judge Rodriguez, who presided at defendant's guilty plea hearing and sentenced defendant, found he failed to submit any evidentiary support for his claims. The judge reviewed the questions and answers she exchanged with defendant at his plea hearing about the potential immigration consequences of his plea and his right to seek advice from an immigration attorney. The judge noted defendant stated under oath he received advice from an immigration attorney, was aware of the immigration consequences of his plea, did not want additional time for further consultation with an immigration attorney, and wanted to go forward with his guilty plea.

In addition, Judge Rodriguez found defendant claimed only that he might face serious immigration consequences in the future because of his guilty plea. Thus, he did not establish the law clearly mandated his deportation because of his plea. Finally, the judge found no indication in the record defendant's counsel provided incorrect advice about the potential immigration consequences of the

A-1955-24

plea. Thus, Judge Rodriguez concluded: "In light of [defendant's] affirmations under oath at the plea hearing, as well as his answers on his signed plea forms, this [c]ourt does not find the counsel's performance to be constitutionally deficient. As such, [defendant] has failed to meet the first prong of" Strickland v. Washington, 466 U.S. 668, 686 (1984).

The judge also found defendant did not allege or establish he would not have entered the guilty plea and insisted on going to trial had he been advised of the potential immigration consequences of his guilty plea. To the contrary, Judge Rodriquez found defendant executed a plea form on which he expressly stated he was aware his guilty plea might result in his removal from the United States and proceeded to enter the guilty plea. Thus, the judge found defendant did not establish a prima facie claim with respect to the second prong of Strickland. In light of her findings, Judge Rodriguez concluded defendant was not entitled to an evidentiary hearing or PCR. This appeal followed.

Defendant raises the following arguments.

> DEFENDANT'S CONSTITUTIONAL RIGHT TO COUNSEL WAS VIOLATED WHEN COUNSEL HINDERED HIS ABILITY TO SEEK THE ADVICE OF IMMIGRATION COUNSEL AND INCORRECTLY ADVISED HIM OF THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA.

A-1955-24

(A)   APPLICABLE LAW.

(B)   DEFENDANT HAS MADE A <u>PRIMA FACIE</u> CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR HAVING BEEN PROVIDED INCORRECT ADVICE ON THE ISSUE OF DEPORTATION CONSEQUENCES OF HIS GUILTY PLEA AND FOR HAVING COUNSEL IMPEDE HIS ABILITY TO CONSULT WITH AN IMMIGRATION LAWYER.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." <u>State v. Preciose</u>, 129 N.J. 451, 459 (1992). Under <u>Rule</u> 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "'substantial denial in the conviction proceedings' of a defendant's state or federal constitutional rights." <u>Ibid.</u> "A petitioner must establish the right to such relief by a preponderance of the credible evidence." <u>Ibid</u>. (citing <u>State v. Mitchell</u>, 126 N.J. 565, 579 (1992)). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. <u>Mitchell</u>, 126 N.J. at 579.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. <u>State v. O'Neil</u>, 219 N.J. 598, 610 (2014) (citing <u>Strickland</u>, 466 U.S. at 686; <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987)).

To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012). To establish the prejudice prong in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To that end, "a [defendant] must convince the court that a decision to reject the plea

bargain" and "insist on going to trial" would have been "rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Where a defendant's immigration status is at stake and the law is "succinct, clear, and explicit," counsel must affirmatively inform the defendant that a conviction will result in removal from the country; where the law is not as clear, counsel must advise the defendant of the "risk of adverse immigration consequences." Padilla, 559 U.S. at 368-69; see also Gaitan, 209 N.J. at 356. An attorney need not use specific "magic words" to convey the applicable risk or likelihood of removal. State v. Blake, 444 N.J. Super. 285, 299-300 (App. Div. 2016). Where the immigration consequences of a guilty plea are not clear, "counsel must highlight for noncitizen clients that entering a guilty plea will place them at risk of removal and that they may seek to obtain counseling on potential immigration consequences." Gaitan, 209 N.J. at 381.

In deciding whether an evidentiary hearing is warranted, "the court should examine the transcripts of the plea colloquy and sentencing hearing . . . to determine if either transcript provides support for an after-the-fact assertion that counsel failed to provide advice affirmatively sought by a client as to the immigration consequences of entering into a specific guilty plea." Id. at 381.

"Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Lee v. United States, 582 U.S. 357, 369 (2017).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to not hold a PCR evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a

defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

Where a PCR court does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the trial court from the record and the court's legal conclusions. Blake, 444 N.J. Super. at 294; see State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)).

Having reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the January 9, 2025 order for the reasons stated by Judge Rodriguez in her thorough and well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hasley

Clerk of the Appellate Division

13

A-1955-24